IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| The Midwest Disability Initiative and Gerald Doyen, | Case No.: 17-CV-5422 DWF/TNL |
| Plaintiffs, | |
| vs. | |
| West St. Paul Marathon, LLC d/b/a Marathon and Clear Choice Properties, LLC, | **DEFENDANT CLEAR CHOICE PROPERTIES, LLC'S ANSWER AND CROSSCLAIM** |
| Defendants. | |

Defendant Clear Choice Properties, LLC ("Clear Choice Properties"), for its separate Answer to Plaintiffs' Complaint, states and alleges as follows:

1. Except as hereinafter admitted or otherwise answered, deny generally each and every matter, allegation and thing set forth in Plaintiffs' Complaint.

2. Deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

3. Paragraphs 2 and 3 of Plaintiffs' Complaint state no allegation against Clear Choice Properties and therefore are denied.

4. In answering Paragraph 4 of Plaintiffs' Complaint, there are no allegations against Clear Choice Properties and therefore is denied.

5. Paragraph 5 of Plaintiffs' Complaint states no allegations against Clear Choice Properties and therefore is denied.

6. Deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. In answering Paragraph 7 of Plaintiffs' Complaint, there are no allegations against Clear Choice Properties and therefore is denied.

8. Paragraph 8 of Plaintiffs' Complaint states no allegations against Clear Choice

Properties and therefore is denied.

9.    Admit Plaintiffs seek the relief requested in Paragraphs 9 and 10 of Plaintiffs' Complaint, but deny Plaintiffs are entitled to such relief.

10.    Deny the allegations contained in paragraph 11 of Plaintiffs' Complaint.

11.    Clear Choice Properties is without sufficient information or knowledge to answer the allegations contained in Paragraphs 12 and 13 of Plaintiffs' Complaint and therefore deny the allegations.

12.    Clear Choice Properties is without sufficient information or knowledge to answer the allegations in Paragraphs 14, 15 and 16, of Plaintiffs' Complaint and therefore denies the allegations.

13.    Admit that Defendant Clear Choice Properties owns and leases the real property which is the subject of this action to West St. Paul Marathon as alleged in Paragraphs 17 and 18 of Plaintiffs' Complaint but denies the remainder of the allegations in Paragraph 17 and 18.

14.    Clear Choice Properties denies the allegations in Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30 of Plaintiffs' Complaint.

15.    Paragraphs 31, 32 and 33 of Plaintiffs' Complaint state no allegations against Clear Choice Properties and therefore are denied.

16.    Deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

17.    Deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

18.    Paragraphs 36 and 37 of Plaintiffs' Complaint state no allegations against Clear Choice Properties and therefore is denied.

19.    Deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

**20.** Deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

**21.** Deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

**22.** Deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

**23.** Paragraph 42 of Plaintiffs' Complaint states no allegations against Clear Choice Properties and therefore is denied.

**24.** Deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

**25.** Deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

**26.** Deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

**27.** Deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

**28.** Paragraphs 47 and 48 of Plaintiffs' Complaint state no allegation against Clear Choice Properties and therefore is denied.

**29.** Deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

**30.** Plaintiffs' fail to state a claim for which relief can be granted.

**31.** Plaintiffs have failed to abide by the requirements set forth by Minn. Stat. § 368A.28.

**32.** The doctrine of unclean hands bars Plaintiffs' claims based on Plaintiffs' improper purpose in pursuing claims against the Defendants in this matter.

**33.** Plaintiffs' lack standing to assert claims against Defendants due to Plaintiffs' failure to visit Defendants' business and/or to have legitimate intent to visit Defendants' business.

**34.** Plaintiffs' claims are barred as Plaintiff has suffered no actual or imminent injury.

**35.** Plaintiffs' are barred from bringing claims in this matter as Plaintiffs' are not

necessary parties.

**36.**   Clear Choice Properties is not legally responsible for property that is not within its possession, custody, or control.

**37.**   Plaintiffs' have failed to mitigate their damages.

**38.**   Defendants have made good-faith efforts to comply with the applicable law including providing appropriate alternative access.

**39.**   Plaintiffs' claims are barred because the claimed violations are "de minimus" and not actual because they don't materially impair Plaintiffs' use of an area for an intended purpose.

**40.**   Plaintiffs' claims are barred as there are alternative methods of access readily achievable for Plaintiffs' to access the property at issue in this litigation.

**41.**   Plaintiffs' claims are barred as the claims asserted and remedies sought are moot.

## CROSSCLAIM

Clear Choice Properties, for its Crossclaim against Defendant West St. Paul Marathon, LLC d/b/a Marathon, states and alleges as follows:

**42.**   Clear Choice Properties restates and re-alleges the above allegations.

**43.**   Defendant West St. Paul Marathon, LLC d/b/a Marathon is a lessee of Clear Choice Properties, and is subject to the terms of a lease agreement ("Lease").

**44.**   The Lease provides that Defendant West St. Paul Marathon, LLC d/b/a Marathon "hold Lessor harmless…" and "indemnify" Lessor

**45.**   The Lease also requires that Defendant West St. Paul Marathon, LLC d/b/a Marathon name Clear Choice Properties as an additional assured under its insurance policy thereby requiring Defendant West St. Paul Marathon, LLC d/b/a

Marathon insurer to provide coverage to Clear Choice Properties.

**46.**     To the extent Plaintiffs' are entitled to any damages in this matter, Clear Choice Properties is entitled to contractual and common law indemnity and/or contribution from Defendant West St. Paul Marathon, LLC d/b/a Marathon to the extent of any damages suffered by Clear Choice Properties.

WHEREFORE, Clear Choice Properties prays that Plaintiffs take nothing by the Complaint, that the same be dismissed, that it be entitled to the relief sought in its Crossclaim and that Clear Choice Properties recover costs and disbursements herein.

<b>REDING & PILNEY, PLLP</b>

Date: <u>December 28, 2017</u>                    /s/ James A. Reding, Jr.
                                                  James A. Reding, Jr. #195352
                                                  Attorney for Defendant
                                                  Clear Choice Properties, LLC
                                                  8661 Eagle Point Boulevard
                                                  Lake Elmo, MN 55042
                                                  (651) 702-1414
                                                  j.reding@redingpilney.com

<b>ACKNOWLEDGMENT</b>

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statute §549.211 to the party against whom the allegations in this pleading are asserted.

                                                  /s/ James A. Reding, Jr.
                                                  James A. Reding, Jr.